# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

STACIE COLLINS,
ADC #712348                                                                PLAINTIFF

V.                             5:14CV00344 DPM/JTR

LON WATSON, Corporal,
Tucker Unit Boot Camp, ADC, et al.                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Stacie Collins, is a prisoner in the McPherson Unit of the Arkansas Department of Correction ("ADC"). She has filed this *pro se* § 1983 action alleging that Defendants violated her rights under the Establishment Clause of the First Amendment Rights when they forced her to attend church services. *Doc. 7.* Defendants have filed a Motion for Summary Judgment on the issue of exhaustion, and Plaintiff has filed a Response. *Docs. 21, 22, 23, 27, & 28.*

The Court recommends that the Motion be granted, and that this case be dismissed, without prejudice.[1]

## II. Facts

On April 11, 2014, Plaintiff arrived at the McPherson Unit. On the same day, she signed an acknowledgment indicating that she had received a copy of the ADC Inmate Handbook, which explained the grievance procedure and where she could obtain grievance forms. *Doc. 23, Exs. A, B, & C.*

On June 10, 2014, Plaintiff was transferred to the boot camp at the Tucker Unit.

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

*Id., Ex. A.* On June 15 and 22, 2014, Defendants allegedly forced Plaintiff, who is an atheist, to attend church services at the Tucker Unit boot camp. *Doc. 7.* On June 24, 2014, Plaintiff voluntarily quit the boot camp program and returned to the McPherson Unit on June 26, 2014. *Doc. 23, Ex. A.*

### III. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements,

and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully exhaust administrative remedies within the ADC, a prisoner must file: (1) an informal resolution within 15 working days of the incident; (2) a grievance within 3 working days of the denial of the informal resolution; and (3) an appeal within 5 working days of the denial of the grievance. *Doc. 23, Ex. D* (ADC Adm. Dir. 12-16 § IV(E) through (G) (5-28-2012)). Importantly, grievance forms are available at the law library, hall desk, count room, and other areas within each Unit. *Id., Exs. C & D.* Additionally, the ADC exhaustion policy allows inmates to grieve matters that occurred at other units. *Id. (*ADC Admin. Dir. 12-16 § IV(E)(13)).

The parties *agree* that Plaintiff did *not* file any grievances about allegedly being forced to attend religious services on June 15 and 22, 2014. *Docs. 23 & 27.* Plaintiff claims that she was unable to do so because, *while she was at the Tucker Unit boot camp*, Defendants Porter and Stark refused to give her grievance forms.² *Doc. 23, Ex.*

---

² Defendants dispute that factual assertion. *Doc. 23.* For the purposes of resolving the Motion for Summary Judgment, the Court will view that factual dispute in the light most favorable

*F; Doc. 27.* The Eighth Circuit has held that a lack of proper exhaustion will be excused if the prisoner demonstrates that prison officials hindered his efforts to complete exhaustion. *Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003); *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8thCir. 2002) (explaining that "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies").

Plaintiff, however, *does not allege* that she was denied grievance forms *when she returned to the McPherson Unit* on June 26, 2014. As previously mentioned, the ADC's exhaustion policy requires prisoners to file a grievance within 15 days of the challenged incident, and it allows them to file a grievance about a matter that arose at another Unit. Thus, Plaintiff had until June 30, 2014 to file a timely grievance about the June 15, 2014 religious service, and until July 7, 2014 to file a timely grievance about the June 22, 2014 religious service. Her subjective and erroneous belief that she could not file a grievance at the McPherson Unit about matters that occurred at the Tucker Unit boot camp does *not* excuse her failure to file a grievance, the *first essential step required* to exhaust her available administrative remedies. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (holding that a prisoner's misunderstanding about the prison's grievance procedure did not excuse his failure

---

to Plaintiff and presume that Defendants did, in fact, refuse to give her grievance forms *while she was at the Tucker Unit boot camp.*

to exhaust his administrative remedies); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (holding that a "prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him" is irrelevant).

Thus, Defendants are entitled to summary judgment because Plaintiff failed to exhaust her available administrative remedies. *See Jones,* 549 U.S. at 211 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 21)* be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 28th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE